The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72034
Dear Senator Baker:
I am writing in response to your request for an opinion on the following:
 In an appeal of a recommendation to suspend or expel a student who has violated a school district's written discipline policy under ACA 6-18-507, who can stay in the room during the hearing if a parent or guardian requests that the hearing be closed.
 In other words, if the appeal is conducted in executive session, who can be present during this time?
RESPONSE
The applicable statute, A.C.A. § 6-18-507 (Repl. 1999), does not specify the persons who may attend the executive session. In addition, the provisions of the Freedom of Information Act ("FOIA") addressing executive sessions for certain employment matters are inapplicable to the proceedings authorized by the more particular provisions of A.C.A. § 6-18-507. It has been suggested by leading commentators on the FOIA that because a school board is to hear "all testimony and debate" in executive session, that the board, persons with knowledge of the incident giving rise to the suspension or expulsion, the lawyers for the board and the students, and the student's parents or guardians should be permitted to attend. Absent legislative or judicial clarification, I concur in this view.
Specifically, A.C.A. § 6-18-507 provides in pertinent part:
 (c)(1) The board of directors may authorize a teacher or administrator to suspend any student for a maximum of ten (10) school days for violation of the school district's written discipline policies, subject to appeal to the superintendent or his designee; however, schools that utilize nontraditional scheduling may not suspend students from more course time than would result from a ten-day suspension under the last traditional schedule used by the school district.
 (c)(2) If the superintendent initiates the suspension process, the decision may be appealed to the board.
 (d)(1) A superintendent may recommend the expulsion of a student for more than ten (10) days for violation of the school district's written discipline policies, subject to appeal to the board of directors and to requirements of the federal Individual's with Disabilities Education Act.
 (2) All school district board meetings entertaining an appeal shall be conducted in executive session if requested by the parent or guardian of the student provided that after hearing all testimony and debate, the board of directors shall conclude the executive session and reconvene in public session to vote on such appeal.
A.C.A. § 6-18-507(d) (emphasis added).
Generally speaking, executive sessions are detailed in the FOIA as an exception to the requirement of open meetings. A.C.A. §25-19-106(c) (Supp. 2005). The FOIA allows for certain personnel matters to be discussed in an executive session. Id. at (c)(1);see, e.g., Op. Att'y Gen. 2002-020. At issue in your request, however, is not an executive session held to discuss a personnel issue governed by A.C.A. § 25-19-106(c)(1) (Supp. 2005), but an executive session specifically authorized by a separate statute to address student disciplinary matters. In my opinion, therefore, the provisions of the FOIA addressing who may attend an executive session concerning an employment matter are inapplicable. Cf. Op. Att'y Gen. 2002-100 (applying the more particular provisions of A.C.A. § 25-17-208, rather than §25-19-106, to determining whether certain persons could attend an executive session of the Arkansas School for the Blind and Deaf.)
Uncertainty arises, however, because A.C.A. § 6-18-507, although allowing executive sessions for these student disciplinary matters, does not specify who may attend the executive session. Leading commentators on the FOIA, concerning the question you have posed, have stated:
 If an executive session is held pursuant to a particular statute rather than the FOIA's personnel provision, the governing body may in its discretion allow others to attend, unless the statute limits that discretion. Section 25-19-106(c)(2) of the FOIA, which lists those persons who may be present during executive sessions, deals only with closed meetings held pursuant to the act's personnel exemption and is inapplicable when another statute permits or requires a closed session.
 For example, the statute governing student expulsions makes plain that the school board is to hear "all testimony and debate" in executive session, if the parent or guardian so requests. Those with knowledge of the incident giving rise to the expulsion — e.g., the student in question, other students, teachers, and school administrators — obviously would need to attend the session to testify. That being the case, the board's attorney and the lawyer for the student should also be permitted to attend, along with the patents of the affected student.
Watkins and Peltz, The Arkansas Freedom of Information Act (4th Ed. 2004) at 318-19 (footnotes omitted).
The governing body, such as the school board itself in this instance, clearly must be in attendance for the executive session. It is axiomatic that the student who is appealing the suspension or expulsion should be present in the executive session. While the statute does not state so explicitly, it is my opinion that the parents or guardians who hold the right to request an executive session are by implication allowed to attend. See, e.g., Op. Att'y Gen. 96-009, fn. 3. In addition, as suggested above, the executive session conducted under A.C.A. § 6-18-507 is for the purpose of "hearing all testimony and debate" concerning the suspension or expulsion.[1] It would seem to follow, therefore, that persons giving testimony and the lawyers for the parties should be allowed to attend this particular breed of executive session.[2] I will note, however, that the statute requires the board to reconvene in public to vote on the appeal. A.C.A. § 6-18-507(d)(2).
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] Executive sessions under FOIA, on the other hand, may not ordinarily be conducted for the purpose of hearing testimony.See Ark. State Pol. Comm'n v. Davidson, 253 Ark. 1090,490 S.W.2d 788 (1981); and Op. Att'y Gen. 97-130.
[2] Under the standard FOIA provisions, attorneys may not attend executive sessions. See, e.g., Ops. Att'y Gen. 2004-223and 97-130.